NO. 07-07-341-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 24, 2007
_____

EFRAIN ARANDA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B13671-0003; HONORABLE ED SELF, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

_____**ORDER OF ABATEMENT AND REMAND**

Appellant, Efrain Aranda, has given notice of appeal from a conviction and sentence in the 242nd District Court of Hale County, Texas (the trial court), for Possession of Marihuana. The clerk of the court of appeals received and filed the trial court clerk's record on August 29, 2007. The trial court reporter's record was due to be filed no later than August 31, 2007. The clerk of this court is in receipt of a letter from the trial court reporter dated September 17, 2007, which advises appellant has not made any designation of the record on appeal. No reporter's record has been filed. By letter dated September 20,

2007, the clerk of this court advised counsel for appellant that Texas Rules of Appellate Procedure 34.6(b)(1) and 35.3(b)(2) were to be complied with and that such compliance should be confirmed in writing to this court no later than October 10, 2007. No response has been received from appellant's counsel, and the clerk's record in this court reflects no further action by any party to the appeal to prosecute the appeal. Accordingly, this appeal is abated and the cause is remanded to the trial court. TEX. R. APP. P. 37.3(a)(2).

Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter conduct a hearing to determine the following:

1.  whether appellant desires to prosecute the appeal, and if so,

2.  (a)  whether appellant's counsel of record continues to represent him and what steps need to be taken to ensure a diligent pursuit of the appeal; or

    (b)  whether counsel for appellant has abandoned the appeal;

3.  whether appellant has been deprived of a reporter's record because of ineffective assistance of counsel or for any other reason; and

4.  if appellant desires to prosecute this appeal, whether appellant's present counsel should be replaced.

If the trial court determines that the present attorney for appellant should be replaced, the court should cause the clerk of this court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed or newly-retained attorney.

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law and recommendations, and cause them to be included in a supplemental clerk's record; (3) cause the hearing proceedings to be

2

transcribed and included in a reporter's record; and (4) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk's record or the reporter's record. In the absence of a request for extension of time from the trial court, the supplemental clerk's record, reporter's record of the hearing and proceedings pursuant to this order, and any additional proceeding records, including any orders, findings, conclusions and recommendations, are to be sent so as to be received by the clerk of this court not later than November 26, 2007.

It is so ordered.

Per Curiam

Do not publish.

3